UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HAYDEN C., a Minor, by and through her Guardian ad Litem, Tracy C.,

    Plaintiff,

v.

WESTERN PLACER UNIFIED SCHOOL DISTRICT,

    Defendant.

No. 2:08-cv-03089-MCE-EFB

**MEMORANDUM AND ORDER**

----oo0oo----

This is an action brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415, et seq. ("IDEA") on behalf of Plaintiff Hayden C. ("Plaintiff") to challenge the special educational services being provided to Plaintiff as a child with autism. Defendant Western Placer Unified School District ("Defendant" or "District") now moves to dismiss that action, pursuant to Federal Rule of Civil Procedure 12(b)(1), on grounds that the jurisdictional prerequisites for instituting a lawsuit in this Court have not been satisfied because Plaintiff's administrative remedies under the IDEA have not been exhausted.

1

Alternatively, the District also argues that Plaintiff cannot state a viable claim in the absence of the required exhaustion and therefore is also entitled to dismissal under Rule 12(b)(6). As set forth below, Defendant's Motion will be granted.

**BACKGROUND**

Plaintiff's parents originally filed for a due process hearing on or about July 15, 2008, alleging IDEA violations with regard to the educational services their child was receiving. That administrative complaint was presented on Plaintiff's behalf to the Office of Administrative Hearings ("OAH") in accordance with the provisions of the IDEA. Plaintiff subsequently withdrew her action pursuant to a Settlement Agreement executed by the parties, which detailed educational programs and services to be provided to the Plaintiff.

After the aforementioned settlement was reached, Plaintiff's parents complained about the way the educational services contemplated by the agreement were being implemented. On December 18, 2008, Plaintiff filed the instant action, asking this Court to enforce alleged breaches of the Settlement Agreement and asserting six causes of action pursuant to the IDEA, all arising out of Defendant's alleged failure to adhere to the provisions of the Settlement Agreement. Plaintiff did not institute any administrative action concerning any of the issues raised in her Complaint prior to filing her lawsuit here.

///
///

The District consequently has moved to dismiss Plaintiff's Complaint on grounds that she has failed to exhaust required administrative remedies, and that consequently the Court lacks subject matter jurisdiction to entertain her federal lawsuit. The District further claims that the same failure also makes it impossible for Plaintiff to assert a viable claim, since no claim in federal court can be maintained absent administrative exhaustion.

Plaintiff, in opposition, claims that because she simply seeks to enforce the terms of the Settlement Agreement there is no need to proceed administratively before doing so. Plaintiff points to the fact that the Settlement Agreement itself provides that it may be enforced in a district court of the United States. Settlement Agreement, ¶ 18, Exh. "A" to Decl. of Bob N. Varma in Opp'n to Def.'s Mot.) She contends that because the alleged breaches relate only to bargained for services and placement spelled out in the Settlement Agreement, the underlying issue of whether a free and appropriate public education ("FAPE") is being provided is not implicated so as to trigger any need to exhaust administrative remedies under the IDEA.

**STANDARD**

**A. Rule 12(b)(1)**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

3

Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

**B.   Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
///
///
///

4

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///
///

**ANALYSIS**

To establish jurisdiction in a case brought pursuant to the IDEA, Plaintiff must show that she has exhausted all available administrative remedies prior to commencing her action in federal district court. With respect to claims arising from the IDEA, challenges based on failure to exhaust are deemed to be jurisdictional in nature. Blanchard v. Morton Sch. Dist., 420 F.3d 918, 920-21 (9th Cir. 2005).

In pursuing a due process administrative claim for failure to adhere to the provisions of the IDEA, a successive process must be employed. Under 20 U.S.C. § 1415(f)(1)(B), a resolution session must be scheduled. Mediation is then required under § 1415(e), and if the parties settle their dispute through mediation the terms of their agreement must be reduced to writing under § 1415(e)(2)(F). If mediation is unsuccessful, the next step is to proceed to a full administrative hearing. 20 U.S.C. § 1415(f)(1)(b)(ii).

In addition to the due process requirements under the IDEA as set forth above, a separate compliance procedure through the State Educational Agency may also be employed. 34 CFR § 300.151. To that end, California has established a complaint process to address violations of the IDEA by local educational agencies.
///
///
///
///
///

Those procedures provide, in pertinent part, that the "Department shall directly intervene without waiting for local educational agency investigation if... [t]he complainant alleges that the local educational agency or public agency fails or refuses to comply with the due process procedures established pursuant to federal and state law..." Cal. Code of Regs., tit. 5, § 4650(a)(7).

The IDEA itself requires that all administrative procedures set forth in 20 U.S.C. § 1415 be exhausted before filing a suit in federal court. 20 U.S.C. § 1415(l); Honig v. Doe, 484 U.S. 305, 327 (1988); Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1302 (9th Cir. 1992). As indicated above, the Ninth Circuit's Blanchard decision makes it clear that such failure constitutes a jurisdictional bar. Blanchard, 420 F.3d at 920-21. The District asserts here that Plaintiff's suit must be dismissed because she has not availed herself either of a due process hearing under the IDEA itself or a compliance complaint under California state law.

### A. Because Any Enforcement of the Settlement Agreement At Issue Necessarily Entails Interpretation Under the IDEA, Administrative Exhaustion is Required.

Plaintiff initially argues that any applicable administrative remedies were exhausted by the mere fact that an administrative due hearing request was already made and resulted in a settlement agreement between the parties that Plaintiff now seeks to enforce. That position is misplaced.

///

In Pedraza v. United States Dist Ct., 2007 U.S. Dist. LEXIS 26451 (N.D. Cal. 2007), the Northern District found that the IDEA's exhaustion requirement is not satisfied when parties enter into a mediated settlement agreement. Id. at * 14-15. Although Pedraza recognized that the Ninth Circuit had not directly addressed the issue, it adopted reasoning by the First Circuit to that effect, as found in Weber v. Cranston Sch. Comm., 212 F.3d 41, 53 (1st Cir. 2000).

Plaintiff attempts to distinguish Pedraza on grounds that it was decided before the IDEA was amended to make settlement agreements judicially enforceable. As adopted on July 1, 2005, 20 U.S.C. § 1415(e) now provides as follows:

> "In the case that a resolution is reached to resolve the complaint through the [IDEA's] mediation process, the parties shall execute a legally binding agreement that sets forth such resolution and that... is enforceable in any State court of competent jurisdiction or in a district court of the United States."

20 U.S.C. § 1415(e)(2)(F)(iii). As indicated above, that language is consistent with the terms of the Settlement Agreement itself at paragraph 18.

Plaintiff's attempt to distinguish Pedraza in this regard is also misplaced. Whether or not there is federal jurisdiction to enforce the terms of the settlement does not necessarily dispense with the requirement that administrative remedies be exhausted before the parties seek judicial intervention to resolve their differences.

///
///

8

Instead, even under the 2005 amendments to 20 U.S.C. § 1415, if enforcement of a settlement agreement requires a determination of whether the alleged breach relates to a student's receipt of a FAPE, administrative exhaustion is still required before judicial remedies can be made available. See R.K. v. Hayward Unified Sch. Dist., 2007 U.S. Dist. LEXIS 72950 (N.D. Cal. 2007) at * 7. In R.K., like the present case, the plaintiff's due process hearing request was withdrawn before any hearing was actually conducted. In ruling on plaintiff's request that the court enforce the terms of the resulting settlement agreement, the R.K. court held that administrative remedies were not exhausted since the terms of the settlement implicated provisions of the IDEA that should first be adjudicated at an agency level.

This reasoning is in accord with the policy objectives underlying administrative exhaustion. As the Ninth Circuit explained in Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298 (9th Cir. 1991):

> "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children."

Id. at 1303.

Consequently, if injuries alleged by a plaintiff can be redressed to any degree by the IDEA's administrative procedures and remedies, then exhaustion should be required. Robb v. Bethel Sch. Dist., 308 F.3d 1047, 1053-54 (9th Cir. 2002).

///

In determining whether administrative remedies must be pursued as a prerequisite to judicial intervention, the focus must be on the source and nature of the alleged injuries for which remedy is sought, and not in the specific remedies sought in any given case. Id. at 1050. Such a requirement "ensures that federal courts, generalists with no experience in the education needs of disabled students, are given the benefit of expert fact-finding by a state agency devoted to this very purpose." Id. at 1051, citing Hoeft, 967 F.2d at 1303 (internal quotations omitted).

Plaintiff tries to evade the import of this authority by claiming that enforcement of the settlement at issue requires no reference to IDEA principles whatsoever, and instead merely requires "pure" adherence to requirements specifically and completely set forth in the agreement itself. Consequently, according to Plaintiff, an enforcement action should be permitted in district court without resort to administrative remedies. See Pl.'s Opp'n, 9:1-4.

The Court is unpersuaded by this argument. Even Plaintiff concedes that if the IDEA is implicated by her settlement with the District, then "clearly the matter belongs in the administrative setting." Id. at 7:8-10. While Plaintiff denies that the settlement in question falls within those parameters (Id. at 11:13-15), her Complaint itself belies that contention in alleging, at paragraph 22, that due to the manner the District has provided one-on-one services as specified in the Settlement Agreement, Plaintiff "is not receiving the free and appropriate public education that was envisioned..." Pl.'s Compl., ¶ 22.
///

Even more significantly, Plaintiff's admission in this regard is borne out by an examination of the substantive breaches she identifies. First, with regard to the one-on-one services called for in the Settlement Agreement,[1] the agreement does not specify the environment in which such instruction must be provided, and particularly whether such individualized instruction can be administered in a room occupied by other students. Moreover, with regard to the speech and language services to be provided by a PROMPT-trained therapist, the Agreement also does not specify the manner in which those services must be furnished. The methodology properly employed in both these areas is being challenged by Plaintiff as constituting a breach of the Settlement Agreement, and the First and Second Causes of Action contained in Plaintiff's Complaint are specifically predicated on those alleged breaches. Both breaches involve technical issues best left, at least initially, to administrative expertise prior to any resort to judicial action.

As the Ninth Circuit has held, questions pertaining to educational methodology like the above-enumerated issues are "classic examples of the kind of technical questions of educational policy that should initially be resolved with the benefit of agency expertise and a fully developed administrative record." Hoeft, 967 F.2d at 1305.

---

[1] On a Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1), the Court may properly review materials outside the scope of the pleadings themselves, like the Settlement Agreement at issue. See Roberts v. Corrothers, 812 F.3d 1173, 1177 (9th Cir. 1987). A redacted copy of that Agreement is attached as Exhibit A to the Varma Declaration in Opposition to the District's Motion.

Adjudicating the validity of these policies requires a fact specific inquiry properly subject to administrative adjudication.[2]

The Court therefore concludes that the issues of methodology raised by Plaintiff do indeed implicate issues of FAPE, and consequently the IDEA, and accordingly require administrative exhaustion. As the Ninth Circuit's Robb decision recognizes, if there is even arguable ability under the IDEA to redress a particular injury, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem. Robb, 308 F.3d at 1050.

**B. Plaintiff Has Not Demonstrated, as She Must in Order to Circumvent Exhaustion, that Administrative Remedies are Futile.**

Although a plaintiff can argue that exhaustion should be excused because administrative remedies are futile, he or she has the burden of proof in showing that her alleged injuries could not be "redressed to any degree" through the administrative process. Robb, 308 F.3d at 1050.

///

---

[2] It should also be mentioned that Plaintiff further identifies, in her Third Cause of Action, a breach of the provisions of the Agreement pertaining to selecting an "independent assessor" for her evaluation. Again, other than suggesting a particular individual (Mary Gwaltney) who was not ultimately available to perform the evaluation, the Agreement does specify just how anyone else should be selected other than refer to a "mutual agreement" which evidently did not occur given the filing of this lawsuit. The Court believes that the administrative process is also the appropriate initial forum for determining both how and under what time constraints to select the specified evaluator.

Futility requires a showing that no useful purpose would be served by filing an administrative complaint. Doe v. Arizona Dep't of Educ., 111 F.3d 678, 681 (9th Cir. 1997).

Plaintiff here appears to premise her futility argument on the contention that her lawsuit requests monetary compensatory damages, damages not available under the IDEA. Plaintiff accordingly contends that pursuing administrative remedies here would be futile. See Pl.'s Opp'n, 6:12-15.

This argument also fails. As Robb recognizes, a plaintiff cannot avoid the IDEA's exhaustion requirement merely by including a request for money damages. The Ninth Circuit explains:

> "Our primary concern in determining whether a plaintiff must use the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy requested. The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary. Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem."

Robb, 308 F.3d at 1050. Because a request for monetary damages does not render resort to administrative remedies futile, and because as indicated in the preceding section, administrative proceedings would in fact serve a useful purpose in this case, Plaintiff has not met her burden in establishing that such proceedings would be futile.

///

///

**CONCLUSION**

Before seeking this Court's assistance in interpreting certain provisions of the Agreement, and in compelling and/or enjoining the District's implementation of certain parts of Plaintiff's educational program, administrative remedies must be pursued. Since pursuit of such remedies would serve a useful purpose, and because Plaintiff has admittedly not exhausted administrative remedies in seeking to enforce the Settlement Agreement at issue in this litigation, the Court finds this action to be premature. Because exhaustion of administrative remedies is a jurisdictional prerequisite for any action implicating the IDEA (<u>Blanchard</u>, 420 F.3d at 920-21) the District's Motion to Dismiss under Rule 12(b)(1) is GRANTED[3] pending such exhaustion. The Court need not address the District's alternative argument for dismissal under Rule 12(b)(6), and declines to do so. The Clerk of Court is directed to close this file.

IT IS SO ORDERED.

Dated: May 11, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 78-230(h).

14